## TILLAR v. COLE MOTOR CAR CO.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1917.)

### No. 3087.

APPEAL AND ERROR ☞1096(1)—SUBSEQUENT APPEAL.

Save in exceptional circumstances, questions decided upon one writ of error or appeal are not open to consideration by the same appellate court on a subsequent writ of error or appeal in the same case.

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Action by the Cole Motor Car Company against Ben J. Tillar and another. There was a judgment for plaintiff, and the named defendant brings error. Affirmed.

M. M. Crane, of Dallas, Tex. (A. J. Clendenen, of Ft. Worth, Tex., on the brief), for plaintiff in error.

F. M. Etheridge, J. M. McCormick, and H. L. Bromberg, all of Dallas, Tex., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

PER CURIAM. This is the second writ of error in this case. Cole Motor Car Co. v. Hurst, 228 Fed. 280, 142 C. C. A. 572. No new question is presented by the record brought up by the pending writ of error. What the plaintiff in error seeks is a reconsideration and reversal of rulings formerly made by this court. Assuming, without deciding, that under exceptional circumstances questions decided on one writ of error or appeal are open for reconsideration by the same appellate court on a subsequent writ of error or appeal in the same case, this case is not deemed to be one calling for the exercise of such power, as it presents no exceptional feature to justify a reopening of the questions which were disposed of by this court's former decision.

The judgment is affirmed.

BATTS, Circuit Judge (concurring). The former ruling in this case was predicated upon a holding that the contract under consideration was one of consignment, rather than sale. I do not desire that

my acquiescence in the present disposition of this case should be held a concurrence in that view of the contract. The real question before the court was whether or not the contract was one in violation of the Texas anti-trust laws. The terms of the contract were before the court, to be considered in connection with those laws; the substantial merits of the matter were not to be determined by the choice of a name for the contract.

As between the manufacturer and the purchaser (as he was called in the contract), the contract was almost a negation of the time-honored economic proposition that you "cannot eat your cake and have it, too"; but the part which was claimed to be obnoxious to the Texas law appears to be a reasonable provision, almost essential to efficient marketing of the company's products. Strict adherence to the rules which some courts observe with reference to the "law of the case" provides a most efficacious method of propagating and perpetuating the evil consequences of judicial mistakes; but the "law of the case" should not be changed, unless clearly erroneous, and the judgment heretofore rendered herein cannot be so characterized, however much doubt might exist as to the correctness of the reasoning upon which it is based.